1 │ **VENABLE LLP**
Shannon E. Beamer (SBN 331289)
2 │ Email:    sebeamer@venable.com
Nicole N. King (SBN 290204)
3 │ Email:    nnking@venable.com
2049 Century Park East, Suite 2300
4 │ Los Angeles, CA 90067
Telephone:   (310) 229-9900
5 │ Facsimile:   (310) 229-9901

6 │ **VENABLE LLP**
Steven E. Swaney (SBN 221437)
7 │ Email:  seswaney@venable.com
101 California Street, Suite 3800
8 │ San Francisco, CA 94111
Telephone:  (415) 653-3750
9 │ Facsimile:   (415) 653-3755

10 │ Attorneys for Defendants
MERCK & CO., INC.; MERCK SHARP &
11 │ DOHME CORP.; ORGANON & CO.; and
ORGANON LLC

12

13 │ **UNITED STATES DISTRICT COURT**

14 │ **FOR THE EASTERN DISTRICT OF CALIFORNIA**

15

16 │ LYNETTE EDWARDS, an individual, and
MELISSA ROYSTON, an individual,

17

18 │ Plaintiffs,

19 │ v.

20 │ MERCK & CO., INC., a New Jersey
Corporation; MERCK SHARP &
21 │ DOHME CORP., a New Jersey
Corporation; ORGANON & CO., a
22 │ Delaware Corporation; ORGANON
LLC, a Delaware Limited Liability
23 │ Company; and DOES 1-10, Inclusive,

24 │ Defendants.

25

26

27

28

Case No.

**NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 (a), 1441(b), AND 1446 BY DEFENDANTS MERCK & CO., INC., MERCK SHARP & DOHME CORP., ORGANON & CO., AND ORGANON LLC**

[Tulare County Superior Court Case No. 290721]

Action Filed:        March 7, 2022
Action Removed: April 13, 2022
Trial Date:         None Set

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Merck & Co., Inc., Merck Sharp & Dohme Corp., Organon & Co., and Organon, LLC (collectively, "Defendants") hereby give notice that the above-captioned action, pending in the Superior Court of the State of California, County of Tulare, is removed to the United States District Court for the Eastern District of California.  In support of the removal, Defendants respectfully state as follows:

1.      This is a civil action, filed on or about March 7, 2022, by Plaintiffs Lynette Edwards and Melissa Royston in the Superior Court of the State of California, County of Tulare, captioned *Lynette Edwards, et al., v. Merck & Co., Inc., et al.,* Tulare County Superior Court Case No. 290721.  Attached to the Declaration of Nicole N. King ("King Decl.") as Exhibit 1 is a true and correct copy of the state court filings Defendants obtained, including the Complaint, Summons, and Civil Case Cover Sheet as of the time of filing.

2.      This case is properly removed to this Court under 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[1]

3.      This action is among citizens of different states: (1) Plaintiffs are, and were at the time the Complaint was filed, citizens of California; (2) Merck & Co., Inc., is now, and was at the time this action commenced, a citizen of New Jersey; (3) Merck Sharp & Dohme Corp. is now, and was at the time this action commenced, a citizen of New Jersey; (4) Organon & Co. is now, and was at the

---

[1] Defendants file this Notice of Removal and Removal of Action without submitting or consenting to the personal jurisdiction of this Court and expressly reserve the right to challenge this Court's ability to exercise personal jurisdiction over Defendants in this case, including through a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL OF ACTION

1  time this action commenced, a citizen of Delaware and New Jersey; and (5)

2  Organon LLC is now, and was at the time this action commenced, a citizen of

3  Delaware and New Jersey.

4      4.    Furthermore, the alleged amount in controversy exceeds $75,000,

5  exclusive of interest and costs, for the reasons more fully briefed below.

6  **I.    <u>PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET</u>**

7      5.    This Notice of Removal and Removal of Action is timely filed under

8  28 U.S.C. § 1446, as it is filed within 30 days of Defendants' receipt of the initial

9  pleading purporting to set forth the claims for relief on which this action is based.

10      6.    Defendants were served with a copy of the Complaint on March 18,

11  2022.  The filing of this Notice of Removal and Removal of Action, therefore, is

12  timely because Defendants are filing it "within 30 days after receipt by the

13  defendant, through service or otherwise, of a copy of the initial pleading setting

14  forth the claim for relief upon which such action or proceeding is based."  28

15  U.S.C. § 1446(b)(1).

16      7.    Pursuant to 28 U.S.C. § 1446(a), Defendants attach to this Notice of

17  Removal and Removal of Action, a copy of the Complaint, Summons, and Civil

18  Case Cover Sheet.  *See* King Decl., Ex. 1; *see also* Request for Judicial Notice

19  ("RJN"), Ex. 1.

20      8.    Pursuant to 28 U.S.C. §§ 84(b), 1441(a), and 1446(a), this Notice of

21  Removal and Removal of Action is being filed in the United States District Court

22  for the Eastern District of California.  Venue for this action is proper in this Court

23  under 28 U.S.C. § 1441(a) because Tulare County is located within the United

24  States District Court for the Eastern District of California.  *See* 28 U.S.C. § 84(b).

25  Accordingly, the Eastern District of California is the federal "district and division

26  embracing the place where such action is pending."  28 U.S.C. § 1441(a).

27

28

1    9.    Pursuant to 28 U.S.C. § 1446(d), Defendants are filing with the clerk

2    of the Superior Court of the State of California for the County of Tulare, and

3    serving upon Plaintiffs' counsel, a Notice to Adverse Party and State Court of

4    Removal of Action to Federal Court, including a true and correct copy of this

5    Notice of Removal and Removal of Action.  Proof of the same will be filed with

6    this Court.

7    10.    Defendants have complied with 28 U.S.C. § 1446(b)(2)(A) insofar as

8    there are no other defendants that must join in or consent to removal.  *See, e.g.*, 28

9    U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section

10   1441(a), all defendants who have been properly joined and served must join in or

11   consent to the removal of the action.")  The other defendants, the unknown "DOES

12   1–10," are not required to join in or consent to removal.  *See United Computer*

13   *Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (noting that the "rule

14   of unanimity" for removal does not apply to "nominal, unknown or fraudulently

15   joined parties"); *Fristoe v. Reynolds Metals Co.*, 615 F. 2d 1209, 1213 (9th Cir.

16   1980) (holding that removal to federal court was proper as "the unknown

17   defendants sued as 'Does' need[ed] not be joined in a removal petition"); *Cont'l*

18   *Ins. Co. v. Foss Mar. Co.*, 2002 WL 31414315, at *4 (N.D. Cal. Oct. 23, 2002)

19   (noting that "all defendants in a state action must join in the petition for removal,

20   except for nominal, unknown, or fraudulently joined parties").  Thus, Defendants

21   may remove without any other parties' concurrence.

22   11.    No previous application has been made for the relief requested herein.

23   **II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL**

24   **JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**

25   12.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § §1332,

26   1441 because this is a civil action among citizens of different states in which the

27   amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

28

## A. There Is Complete Diversity Among The Parties

13.     This case is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties."  28 U.S.C. § 1332(a)(1).  As explained below, Defendants are diverse from Plaintiffs.

### 1. Plaintiffs Are Citizens Of California

14.     Plaintiff Lynette Edwards ("Plaintiff Edwards") is now, and was at the time of the filing of this Complaint, a citizen and resident of California.  Compl. ¶ 7.  Plaintiff Melissa Royston ("Plaintiff Royston") is now, and was at the time of the filing of this Complaint, a citizen and resident of California.  Compl. ¶ 7.

### 2. Merck Sharp & Dohme Corp. Is A Citizen Of New Jersey

15.     Plaintiffs concede that Merck Sharp & Dohme Corp. is now, and was at the time that Plaintiffs filed this action, a foreign corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey.  *See* Compl. ¶ 12; King Decl. ¶¶ 4–5, Ex. 2, California Secretary of State Statement of Information for Merck Sharp & Dohme Corp. (stating that Merck Sharp & Dohme Corp. is registered within the jurisdiction of New Jersey); RJN, Ex. 2.  Thus, Merck Sharp & Dohme Corp. is a citizen of New Jersey for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

### 3. Merck & Co., Inc., Is A Citizen Of New Jersey

16.     Plaintiffs concede that Merck & Co., Inc., is now, and was at the time that Plaintiffs filed this action, a foreign corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey.  *See* Compl. ¶ 12; King Decl. ¶¶ 6–7, Ex. 3, New Jersey Secretary of State Short Form Standing Certificate for Merck & Co., Inc. (stating that Merck & Co., Inc., is a domestic for-profit corporation registered within the jurisdiction of New Jersey); RJN, Ex. 3; *see also* King Decl. ¶¶ 8–9, Ex. 4, New Jersey Secretary of State Business Entity Status Report for Merck & Co., Inc. (stating that Merck & Co., Inc., is registered within the jurisdiction of New Jersey); RJN, Ex. 4.  Thus, Merck

1 & Co., Inc., is a citizen of New Jersey for purposes of determining diversity.

2 28 U.S.C. § 1332(c)(1).

3               4.   Organon & Co. Is A Citizen Of Delaware And New Jersey

4       17.   Plaintiffs concede that Organon & Co. is now, and was at the time that

5 Plaintiffs filed this action, a foreign corporation organized under the laws of the

6 State of Delaware with its principal place of business in New Jersey.  *See* Compl. ¶

7 14; King Decl. ¶¶ 10–11, Ex. 5, Delaware Division of Corporations Short Form

8 Standing Certificate for Organon & Co. (stating that Organon & Co. is a domestic

9 for-profit corporation registered within the jurisdiction of Delaware); RJN, Ex. 5;

10 *see also* King Decl. ¶¶ 12–13, Ex. 6, New Jersey Secretary of State Short Form

11 Standing Certificate for Organon & Co. (stating that Organon & Co. is a foreign

12 for-profit corporation with its principal place of business within the jurisdiction of

13 New Jersey); RJN, Ex. 6.  Thus, Organon & Co. is a citizen of both Delaware and

14 New Jersey for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

15               5.   Organon LLC Is A Citizen Of Delaware And New Jersey

16       18.   Plaintiffs concede that Organon LLC is now, and was at the time that

17 Plaintiffs filed this action, a foreign limited liability company organized under the

18 laws of the State of Delaware with its principal place of business in New Jersey.

19 *See* Compl. ¶ 14; King Decl. ¶¶ 14–15, Ex. 7, Delaware Division of Corporations

20 Short Form Standing Certificate for Organon LLC (stating that Organon LLC is a

21 domestic limited liability company registered within the jurisdiction of Delaware);

22 RJN, Ex. 7; *see also* King Decl. ¶¶ 16–17, Ex. 8, New Jersey Secretary of State

23 Short Form Standing Certificate for Organon LLC (stating that Organon LLC is a

24 foreign for-profit limited liability company with its principal place of business

25 within the jurisdiction of New Jersey); RJN, Ex. 8.  Thus, Organon LLC is a

26 citizen of both Delaware and New Jersey for purposes of determining diversity.

27 28 U.S.C. § 1332(c)(1).[2]

28

---

[2] Organon & Co. is the sole member of Organon LLC.  *See* King Decl. ¶¶ 18-19, Ex.

DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL OF ACTION

### 6.  Citizenship Of The DOE Defendants Shall Not Be Considered

19.     The citizenship of the DOE defendants shall not be considered for purposes of determining diversity jurisdiction, as these are fictitious defendants. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.")[3]

20.     Based on the above, there is complete diversity among Plaintiffs and Defendants, and this Court has diversity jurisdiction under 28 U.S.C. § 1332.  *See*

---

9, California Secretary of State Statement of Information for Organon LLC (listing Organon & Co as membership for Organon LLC).  The citizenship of entities other than corporations is determined by the citizenship of their members.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Because Organon & Co. is a citizen of New Jersey and Delaware, Organon LLC is therefore deemed a citizen of those two states as well.

[3]In the event that any DOE defendants are forum defendants, *i.e.*, citizens of California for diversity purposes, it is not a bar to removal under 28 U.S.C. section 1441(b), which provides that removal is allowed only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  Under the plain language of Section 1441(b), the no forum defendant rule applies only once such defendant has been properly joined and served. *Id.; see also Allen v. Eli Lilly & Co.*, 2010 WL 3489366, at *2 (S.D. Cal. Sept. 2, 2010) (denying motion to remand and upholding the removal of the action, finding the presence of local defendants did not preclude removal jurisdiction because no local defendant was a party to the action at the time of removal and complete diversity of the parties continues to exist after the local defendants were or are served and made parties); *Zirkin v. Shandy Media, Inc.*, 2019 WL 626138, at *2 (C.D. Cal. Feb. 14, 2019) (denying motion to remand and upholding the forum defendants' removal before service, finding "the Forum Defendant Rule did not bar an in-state defendant from removing an action before the defendant is served"); *May v. Haas*, 2012 WL 4961235, at *3 (E.D. Cal. Oct. 16, 2012) (denying motion to remand and upholding the removal of the action, finding that the forum defendant had not been served at the time the non-forum defendant removed the case and complete diversity continues to exist between the parties after the forum defendant has been served); *Loewen v. McDonnell*, 2019 WL 2364413, at *9 (N.D. Cal. June 5, 2019) (denying motion to remand, finding the removal was effective before any forum defendant was served and complete diversity continues

*Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("diversity

jurisdiction does not exist unless each defendant is a citizen of a different State

from each plaintiff").

### B.    The Amount-In-Controversy Requirement Is Satisfied

21.    The amount in controversy exceeds $75,000 notwithstanding that

Plaintiffs do not allege a specific amount in controversy in the Complaint.[4]

22.    Under 28 U.S.C. § 1446(c)(2):

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that:
>
> (A)    the notice of removal may assert the amount in controversy if the initial pleading seeks . . . (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B)    removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence,

to exist between the parties); *id*. at \*7 (holding "the Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim"); *Cucci v. Edwards*, 510 F. Supp. 2d 479, 482 (C.D. Cal. 2007) (holding that "a resident defendant who has not been served may be ignored in determining removability"); *City of Ann Arbor Employees' Retirement Sys. v. Gecht*, 2007 WL 760568, at \*8 (N.D. Cal. Mar. 9, 2007) (holding that "[p]laintiff should have been cognizant of the fact that a nonresident defendant could remove a case without having been served"); *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) (denying motion for remand where local defendant had not been served at time of removal).

4 Defendants deny all allegations contained in Plaintiffs' Complaint and deny that Plaintiffs are entitled to any relief sought.

DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL OF ACTION

that the amount in controversy exceeds the amount
specified in section 1332(a).

28 U.S.C. § 1446(c)(2)(A)–(B); Federal Courts Jurisdiction and Venue

Clarification Act of 2011, Pub. L. 112–63, Dec. 7, 2011.

23.     When a plaintiff does not allege a specific amount for damages, the

removing defendant need only show that the amount in controversy is "more likely

than not" to exceed the jurisdictional amount of $75,000, exclusive of interest and

costs.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Where the amount in controversy is not specified, courts look to the facts alleged

in the complaint as well as in the notice of removal.  *See Simmons v. PCR Tech.*,

209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) ("Where the amount of damages

sought by a plaintiff is unclear, defendant must prove facts supporting the

jurisdictional amount by a preponderance of the evidence"); 28 U.S.C. §

1446(c)(2).  Courts may receive extrinsic evidence to determine whether the

amount in controversy is more likely than not to exceed $75,000.  *See Valdez v.*

*Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he amount-in

controversy inquiry in the removal context is not confined to the face of the

complaint.")  Indeed, courts may find an estimate of damages based upon damage

awards in similar cases as sufficient evidence to prove by a preponderance of the

evidence that a plaintiff's claims exceed the jurisdictional limit.  *See Karlsson v.*

*Ford Motor Co.*, 140 Cal. App. 4th 1202, 1207 (2006) (awarding damages in

excess of the jurisdictional amount of $75,000 in product liability case); *Jones v.*

*John Crane, Inc.*, 132 Cal. App. 4th 990, 997 (2005) (same).

24.     While Plaintiffs' Complaint does not allege a specific amount in

controversy, Plaintiffs allege that they "have sustained pecuniary loss and general

damages in a sum exceeding the jurisdictional minimum of this Court."  *See*

Compl. ¶ 214, 231; King Decl. ¶ 3, Ex. 1.

DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL OF ACTION

25.    Further, it is facially evident that the amount in controversy is satisfied.  Plaintiff Edwards alleges that she began taking brand and/or generic Singulair (also known as Montelukast) in or around 2010 through 2016, pursuant to a prescription by her healthcare provider.  Compl. ¶ 8.  Plaintiff Edwards alleges that as a result of taking Singulair®, she "suffered neuropsychiatric injury including depression."  Compl. ¶ 8.

26.    Plaintiff Royston alleges that she began taking brand and/or generic Singulair (also known as Montelukast) in or around 1998 through 2004, pursuant to a prescription by her healthcare provider.  Compl. ¶ 9.  Plaintiff Royston alleges that as a result of taking Singulair®, she "suffered neuropsychiatric injury including depression, anxiety, obsessive-compulsive disorder."  Compl. ¶ 9.

27.    Plaintiffs allege that they became symptomatic while using Singulair®.  Compl. ¶ 10.  Plaintiffs further allege that they "have incurred medical expenses and will continue to incur expenses in connection with medical treatment as a result of these injuries."  Compl. ¶ 11.  Plaintiffs also allege that they "have endured and will continue to endure pain, suffering, mental anguish, trauma, and loss of enjoyment of life as a result of these injuries, have suffered lost earnings and/or a loss of earning capacity, and other injuries and damages to be proven at trial."  Compl. ¶ 11.

28.    Accordingly, Plaintiffs assert causes of action for: (1) Strict Liability - Design Defect; (2) Strict Liability - Failure To Warn; (3) Negligence; (4) Negligent Misrepresentation; (5) Breach Of Express Warranty; and (6) Breach Of Implied Warranty.  Compl. ¶¶ 104–234.  Plaintiffs seek to recover past and future general damages, past and future economic and special damages, loss of earnings and impaired earning capacity, medical expenses, past and future, punitive or exemplary damages, attorney's fees, costs of suit incurred, pre-judgment interest as provided by law, and for such other and further relief as the Court may deem just and proper.  *See* Compl., Prayer for Relief at 41:5–18 (Nos. 1–9).

1      29.     Where, as here, a plaintiff alleges a serious psychological injury,

2   California federal courts have found that the amount-in-controversy requirement is

3   satisfied.  *See, e.g.*, *Bryant v. Apotex, Inc.*, 2012 WL 5933042, at *4 (E.D. Cal.

4   Nov. 27, 2012) (holding the amount-in-controversy requirement was met, although

5   "complaint [did] not set forth a specific amount of damages," because plaintiff

6   sought "compensatory damages for injuries and severe pain lasting six months,

7   severe emotional distress, and punitive damages"); *Campbell v.*

8   *Bridgestone/Firestone, Inc.*, 2006 WL 707291, at *2–3 (E.D. Cal. Mar. 17, 2006)

9   (holding the amount in controversy exceeded $75,000 where plaintiffs asserted

10  strict product liability, negligence, and breach of warranty claims and sought

11  compensatory damages, including lost wages and loss of earning capacity, medical

12  expenses, and general damages).

13     30.     California cases also reveal that jury awards and settlements based on

14  conditions similar to those alleged by Plaintiffs may exceed the $75,000

15  jurisdictional amount.  *See, e.g.*, *Howard v. Doe Companies*, 2000 Jury Verdicts

16  LEXIS 64660 (May 25, 2000) (settlement for $150,000 for ephedrine-induced

17  psychosis, including insomnia and racing thoughts, and ultimately depression);

18  *Snyder v. Kaiser Found. Hosp.*, 1997 Jury Verdicts LEXIS 91524 (Sup. Ct. San

19  Diego County June 1997) (arbitrator awarded $360,000 where plaintiff

20  experienced hallucinations after taking prescribed medication and incurred

21  additional physical injuries as a result); *Confidential v. Confidential*, 2009 Jury

22  Verdicts LEXIS 12779 (Sup. Ct. L.A. October 1994) (settled for $150,000 for

23  psychological problems and hallucinations resulting from Prozac prescription);

24  *Boller v. Placer Union High Sch. Dist.*, Case No. SCV 7478, 2000 Jury Verdicts

25  LEXIS 65056 (Sup. Ct. Auburn County, Apr. 14, 2001) (jury awarded $158,750

26  for depression, insomnia, and anxiety); *Maher v. Ideal Computer Servs., Inc.*, Case

27  No. RG07348498, 2009 Jury Verdicts LEXIS 410244 (Sup. Ct. Alameda County

28  September, 2009) (awarding $86,000 for depression, anxiety, and emotional

1   distress); *Lantz Greene v. Yucaipa Towing Inc.*, Case No. RIC10022388, 2013 Jury

2   Verdicts LEXIS 7608 (Sup. Ct. Riv. County June 11, 2013) (awarding $540,000 in

3   emotional distress, lost wages, and punitive damages).

4         31.    Likewise, California federal courts recognize that the amount-in-

5   controversy requirement is satisfied in analogous product liability cases alleging

6   continuing medical care.  *See, e.g., Hammarlund v. C.R. Bard, Inc.*, 2015 WL

7   5826780, at *2 (C.D. Cal. Oct. 2, 2015) (holding it was "more likely than not" that

8   the amount in controversy exceeds $75,000, given that the plaintiffs allege

9   "severe" bodily injuries and "mental and physical pain and suffering" following

10   the failure of defendant's mesh implant product); *Zalta v. K2M, Inc.*, 2013 WL

11   12140470, at *2 (C.D. Cal. Nov. 13, 2013) (finding that the defendant

12   demonstrated, by a preponderance of the evidence, that the amount-in-controversy

13   requirement was satisfied, given that the plaintiff sought "lost wages, hospital and

14   medical expenses, general damages, and lost earning capacity" following the

15   installment of a defective cervical plate); *Zachman v. Johnson & Johnson*, 2015

16   WL 7717190 (N.D. Cal. Nov. 30, 2015) (amount-in-controversy requirement

17   satisfied where prescription medication Levaquin allegedly caused the plaintiff's

18   peripheral neuropathy).

19         32.    Considering the nature and extent of Plaintiffs' alleged injuries and

20   damages, Plaintiffs' claims exceed this Court's minimum $75,000 jurisdictional

21   limit.

22         33.    Based on the foregoing, Plaintiffs' state court action may be removed

23   to this Court in accordance with the provisions of 28 U.S.C. §§ 1332 and 1441

24   because: (1) this is a civil action pending within the jurisdiction of this Court;

25   (2) this action is among citizens of different states; and (3) the amount in

26   controversy exceeds $75,000, exclusive of interest and costs.

27         34.    This Notice of Removal and Removal of Action has been signed

28   pursuant to Fed. R. Civ. P. 11.

35.     By filing the Notice of Removal and Removal of Action, Defendants do not waive any objections as to service, jurisdiction, venue, or any other defenses available at law, in equity or otherwise.  Defendants intend no admission of fact or law by this Notice of Removal and Removal of Action, and expressly reserve all defenses and motions.  Defendants also reserve the right to amend or supplement this Notice of Removal and Removal of Action.

36.     If Plaintiffs seek to remand this case to state court, Defendants respectfully ask that they be permitted to brief and argue the issue of this removal prior to any order remanding this case.  In the event that the Court decides that remand is proper, Defendants ask that the Court retain jurisdiction, and allow them to file a motion asking this Court to certify any remand order for interlocutory review by the Ninth Circuit, pursuant to 28 U.S.C. § 1292(b).

## III.     CONCLUSION

In sum, Defendants hereby remove the above-captioned action from the Superior Court of the State of California, County of Tulare, to the United States District Court for the Eastern District of California.

Dated: April 13, 2022                                              **VENABLE LLP**

                                                                       /s/ Shannon E. Beamer
                                                    By:          Shannon E. Beamer
                                                                     Nicole N. King
                                                                     Steven E. Swaney

                                                    Attorneys for Defendants
                                                    MERCK & CO., INC.; MERCK
                                                    SHARP & DOHME CORP.;
                                                    ORGANON & CO.; and
                                                    ORGANON LLC

DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL OF ACTION

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                          )    ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 2049 Century Park East, Suite 2300, Los Angeles, California.

On April 13, 2022, I served a copy of the foregoing document(s) described as **NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 (a), 1441(b), AND 1446 BY DEFENDANTS MERCK & CO., INC., MERCK SHARP & DOHME CORP., ORGANON & CO., AND ORGANON LLC** on the interested parties in this action addressed as follows:

Kevin P. Roddy,                          *Counsel for Plaintiffs*
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey 07095
Tel: (732) 855-6402
Email: kroddy@wilentz.com

Kimberly Beck, Pro Hac Vice               *Counsel for Plaintiffs*
BECK LAW CENTER
201 E. 5th Street, Suite 1900
Cincinnati, Ohio
Tel: (888) 434-2912
Email: kim@becklawcenter.com

Shehnaz M. Bhujwala,                      *Counsel for Plaintiffs*
BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367
Tel: (818) 340-5400
Fax: (818) 340-5401
Email: bhujwala@boucher.la

☑    By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☑    **BY MAIL (FRCP 5(b)(2)(C))**:   I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service.  Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at, in the ordinary course of business.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **April 13, 2022**, at Los Angeles, California.

/s/ Kenneth Westcott
Kenneth Westcott

-1-

PROOF OF SERVICE

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900